**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-208-GPG
**(The above civil action number must appear on all future papers
 sent to the court in this action.  Failure to include this number
 may result in a delay in the consideration of your claims.)**

TERRELL MICKLES,

      Applicant,

v.

WARDEN ROSE,
UNITED STATES OF AMERICA,

      Respondents.

---

**ORDER DIRECTING APPLICANT TO CURE DEFICIENCIES**

---

      Applicant, Terrell Mickles, is in the custody of the Federal Bureau of Prisons,

currently incarcerated at Florence High United States Penitentiary in Florence,

Colorado.  On January 26, 2016, he submitted *pro se* an Application for a Writ of

Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1).  As part of the court's

review pursuant to D.C.COLO.LCivR 8.1(b), the court has determined that the

document is deficient as described in this order.  Plaintiff will be directed to cure the

following if he wishes to pursue any claims in this action.  Any papers that Plaintiff files

in response to this order must include the civil action number on this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(a)  _X_        is not submitted
(b)  __        is missing affidavit

(c) __     is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing

(4) _X_    is missing certificate showing current balance in prison account

(5) __     is missing required financial information

(6) __     is missing authorization to calculate and disburse filing fee payments

(7) __     is missing an original signature by the prisoner

(8) __     is not on proper form

(9) __     names in caption do not match names in caption of complaint, petition or habeas application

(10) __    other: <u>motion and supporting documents are necessary only if the $5.00 fee is not paid in advance</u>.

**Complaint, Petition or Application**:

(11) __    is not submitted

(12) _X_   is not on proper form

(13) __    is missing an original signature by the prisoner

(14) __    is missing page nos.

(15) __    uses et al. instead of listing all parties in caption

(16) __    names in caption do not match names in text

(17) __    addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application

(18) __    other: _____.

Furthermore, in the application, Mr. Mickles appears to be challenging the validity of his criminal conviction.  Mr. Mickles' application states he was convicted in the United States District Court for the Southern District of Alabama.  If Mr. Mickles is attacking his conviction, he must file a motion pursuant to 28 U.S.C. § 2255 in the court where he was convicted or else he must demonstrate in his current § 2241 motion that the remedy available pursuant to § 2255 is inadequate or ineffective.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established.  "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity" and "[a] 28 U.S.C. § 2255 petition attacks the legality of detention." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).  A habeas corpus petition pursuant to

§ 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam).  Instead, "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965); *see* 28 U.S.C. § 2255(e).

Applicant bears the burden of demonstrating that the remedy available pursuant to § 2255 is inadequate or ineffective.  *See Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011).  This burden is not easily satisfied because "[o]nly in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed." *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (noting that the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances").

That Applicant sought and was denied relief in a § 2255 motion does not demonstrate that the remedy was inadequate or ineffective.  *See Williams*, 323 F.2d at 673.  Furthermore, even if Applicant is barred from raising his claims in a second or successive motion pursuant to § 2255, the remedy provided in § 2255 still is not inadequate or ineffective.  *See Caravalho*, 177 F.3d at 1179.

Accordingly, it is

ORDERED that Applicant cure the deficiencies designated above **within thirty (30) days from the date of this order**.  Any papers that Applicant files in response to this order must include the civil action number on this order.  It is

FURTHER ORDERED that Applicant shall obtain the court-approved Application

for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and a Prisoner's Motion and

Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 forms (with the assistance

of his case manager or the facility's legal assistant), along with the applicable

instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Applicant fails to cure the designated deficiencies

**within thirty (30) days from the date of this order**, the action will be dismissed

without further notice.  The dismissal shall be without prejudice.

DATED February 1, 2016, at Denver, Colorado.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge