IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-208-GPG

TERRELL MICKLES,

     Applicant,

v.

WARDEN ROSE,
UNITED STATES OF AMERICA,

     Respondents.

---

## ORDER DISMISSING CASE

---

Applicant, Terrell Mickles, initiated this action by filing *pro se* a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on January 26, 2016. (ECF No. 1).  On February 1, 2016, Magistrate Judge Gordon P. Gallagher entered an Order directing Plaintiff to cure certain deficiencies if he desired to proceed with the action. (ECF No. 3). Specifically, Magistrate Gallagher directed Mr. Mickles that he must either pay the $5.00 filing fee or submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action along with a certificate showing the current balance in his prison account. (ECF No. 3).  Further, Mr. Mickles was directed to file his habeas application on the proper court-approved form.  The Court also instructed Mr. Mickles that if he was challenging the validity of his criminal conviction, he must file a § 2255 motion in the court where he was convicted or else he must demonstrate in his current § 2241 motion that the remedy available pursuant to § 2255 is inadequate or ineffective.  Mr. Mickles was warned that if he failed to cure the designated deficiencies

as directed, his application and action would be dismissed without further notice.

On February 23, 2016, Plaintiff filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 4), but he failed to attach a certificate showing the current balance in his prison account.  Further, instead of filing a habeas corpus application on the current court-approved form, as he was directed to do in the Court's February 1, 2016 Order, he filed a Letter, titled "2241 Writ of Habeas Corpus," where he states "Petitioner Detesting [sic] Da [sic] Legalities of his Detention."  (ECF No. 5).  In the letter he also states that "Petitioner is a victim of mistaken identity and furthering." (*Id.*)

The documents submitted by Mr. Mickles have failed to cure the designated deficiencies as directed in the Court's February 1, 2016 Order.  First, he failed to include a certificate showing his current prison account balance with his § 1915 Motion.  Second, he failed to file his habeas application on the current court-approved form and never indicated that he could not access the proper form.  Finally, it still appears that Mr. Mickles is challenging his conviction in the Southern District of Alabama, but he fails to demonstrate that the remedy available pursuant to § 2255 is inadequate or ineffective.  As Plaintiff has failed to cure the designated deficiencies as directed in the Court's February 1, 2016, his application and this action will be dismissed.

Accordingly, it is

ORDERED that the Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) is DENIED and this action is DISMISSED without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Mr. Mickles failed to follow a court order.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right in a federal habeas action.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal, he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED at Denver, Colorado, this __11th__ day of __March_____, 2016.

BY THE COURT:

_s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court